Law Library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,               )    CRIMINAL CASE NO. CM0873-11
                                  )
        vs.                       )
                                  )    DECISION AND ORDER
                                  )    ON DEFENDANT'S MOTION TO
IAN ANTHONY LUJAN MARIANO,        )    DISMISS
                                  )
        Defendant.                )
                                  )
                                  )
_____   )

This matter came before the HONORABLE VERNON P. PEREZ on December 20, 2011 on Defendant's Motion to Dismiss. Attorney Randall F. Cunliffe represented Defendant, who was present. Attorney James C. Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Criminal Mischief and Assault as Misdemeanors. Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*").

## DISCUSSION

Defendant argues that this case be dismissed for violation of the rule put forth in *Rasauo II. See also* 8 GCA §60.10. The recent Supreme Court decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II*, the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay. Here, the Government alleges that their office was not negligent in dealing with the Defendant and did the most that it could do to expedite proceedings

against Defendant. The Government believes that good cause delay exists where the courts are at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60. On the other hand, Defendant argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II*. That is the crux of the issue before the Court now. Does good cause delay exist where the Court system does not get a defendant to arraignment until 60 days after the complaint was filed?

In *People v. Stephen*, the Court stated that prompt arraignment is "a statutory expression of the speedy trial right". 2009 Guam 8 ¶32. In dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal when no good cause is found. If the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's arraignment within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay or negligence in prosecuting cases. In addition, the Government claims that it would be unreasonable to ask that the calendar for many courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the lower courts are required to adjust their calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II*.

The Court finds no relevant controlling precedent in case law to base its decision, but finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8

GCA §80.50(a) directly after that statement, which provides:

>the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2010).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II.* Here, there were more than 60 days from Complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown as determined above. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendant?

The procedure in this case is very simple and straightforward. The complaint was filed August 18, 2011. Defendant received a summons to appear to Court on October 7, 2011. Defendant's first appearance hearing was set for November 16, 2011. The Court scheduled Defendant's arraignment 90 days after the complaint was filed, which is far in excess of the 60 day limit. Defendant did nothing to create delay or cause the Court to schedule the hearing 90 days after the complaint. There can be no good cause found in this instance. The Court is responsible for getting all criminal defendants to arraignment within 60 days as that is a reasonable time according to the Guam Supreme Court, as explained above. This Court must dismiss the case as it is the remedy associated with a violation of Defendant's Prompt Arraignment Right. This case, however, will not be dismissed with prejudice as it appears the Office of the Attorney General was not responsible for the Court error and the Court clerks were not yet aware of the significance of the *Rasauo II* decision.

/ /

/ /

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss without prejudice.

So **ORDERED** this 21st day of February, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

/ /

/ /

/ /

/ /

/ /

I do hereby cert... ...ing is a full true and corr... ...RIGINAL on file in the C... ...f Court, S... ...

FEB 2 2 2012

DATED:

...NAS
DEPUTY CL...K, Superior Court of Guam